## SUE FONDA SCHOLZE v. J. B. ANDERSON.

Eastern Section. ——— —, ——.

John Dineen, of Chattanooga, for appellant.
C. A. Noone, of Chattanooga, for appellee.

SNODGRASS, J. Bill filed to enjoin a judgment at law for $499.71 and costs which the defendant in this cause obtained against complainant before H. F. Lawrence, a Justice of the Peace for Hamilton county.

The ground alleged is that said judgment was wholly 'unjust and was had without service of process. This ground of course would have been sufficient to enjoin the judgment but the bill sets out the further fact—that by certiorari in lieu of an appeal—the case was taken up by the defendant in the law case, now the complainant in this case, from the justice court to the circuit court where it was disposed of and the justice's judgment affirmed—also that a motion for a new trial was had in the circuit court and overruled with the cause thus left pending in the circuit court.

As to the merits of the case the bill sets out that she was only endorser on the notes upon which the judgment was obtained—that no demand was made of the maker but that if made she had received no notice of it and only knew of the suit after its institution.

·The bill charges that petitioner failed to attend the trial and to appeal from the judgment rendered by the said H. F. Lawrence by reason of the following facts:

"That no service of process was made as to petitioner, the original writ itself showing that service of process was made by telephone, which would be void, but petitioner denies that she was notified even by telephone or had any actual knowledge that suit was instituted,

and further states that she knew nothing about said suit having been instituted against her and judgment having been rendered until after the time had expired for her to appeal from said judgment; that certified copy of said justice's judgment and officers return thereon is filed herewith and marked exhibit 'A' and expressly made a part of this bill, but not for copy.''

The bill then sets out an interview between the attorney and the officer serving the process and alleges that the officer told him in this that the service was had over the telephone.

The bill alleges that then complainant, Mrs. Scholze, prepared a petition for certiorari which was granted by the circuit judge and the case carried before him. A copy of said petition is attached as exhibit ''B'' to the bill.

It sets out the history of the case as it was thereafter enacted in the circuit court—culminating in a judgment against the petitioner filing copy of the record as exhibit ''D'' and alleges that the judgment. will be enforced by execution unless it is enjoined and impeached by this court. It attacks the judgment as void.

A demurrer was filed to the bill upon grounds as follows:

''1st. IBecause the bill shows on its face that all the matters in controversy in this suit were litigated between the parties to this suit in the circuit court of Hamilton county; and said Circuit Court, having first obtained jurisdiction of the subject matter of the suit and the parties, and having been able to administer a plain, adequate and complete remedy, should be allowed to retain exclusive jurisdiction, and the judgment entered therein should be allowed to stand.

''2nd. Because the bill shows on its face that the officer's return was amended in the Circuit Court, by leave of the court, so as to show personal service on complainant in the suit before the Justice of the Peace, thereby making it to affirmatively appear that both the justice court and the Circuit Court had jurisdiction of the matters in controversy and of the parties. Wherefore, the judgment of the Circuit Court, being unappealed from, should be allowed to stand, and enforced.

''3rd. Because the bill shows on its face that complainant filed a petition for certiorari to the judgment before the Justice of the Peace, therein setting up an alleged defense to the merits, was given a hearing on said petition, and filed a motion for a new trial in said court, thereby entering her appearance, and submitting her rights to the jurisdiction of that court.

''4th. Because the bill shows on its face that the defense relied upon is purely technical, and without real merit. Wherefore, said judgment is not shown to be so unjust as to invoke the action of a Court of Chancery.

"5th. Because the judgment complained of was rendered by a court of competent and concurrent jurisdiction, and that, there being no allegations of fraud in the bill, this court is without jurisdiction to interfere or disturb the judgment of the Circuit Court."

The demurrer was overruled and an answer was filed controverting the bill and stating "that on the hearing of the motion to dismiss the petition for certiorari the officer testified under oath, that personal service was had on the complainant and that his return was meant to so show, but, to clear up the ambiguity caused by using ditto marks, he would like to amend his return to show service in person, and he was allowed by the court to do so. Complainant then went into the merits of the case and discussed them at length."

Upon the proof the Chancellor sustained the answer, held the circuit judgment void and perpetually enjoined it without prejudice to the said Anderson to bring another suit upon the notes involved in the controversy and is as follows:

"In this cause there is but one fact to be determined and that is whether the complainant was served with process in the action before the Justice of the Peace.

After weighing and considering all of the evidence upon this subject my conclusion is that she was not. The injunction will be made perpetual, but without prejudice, to the right of defendant to bring a new suit."

The defendant has prosecuted an appeal to this court from the Chancellor's decree, overruling his demurrer as well as from the final decree—and has assigned the following as error:

"The court erred in overruling defendant's demurrer which is set out on pages 11 and 12 of the record, because"—then followed the reasons numbered 1-2 and 3.

"The court erred in holding and decreeing that there was no valid service had on complainant in the magistrate's court, and that the judgment of the Circuit Court is therefore void—and in enjoining the enforcement of said judgment."

We think this assignment is in substantive compliance with the rules as to assignment of error. In the statement of the case what the chancellor did in each instance was stated and a reference made to the record, where the record may be found. In the brief following, filed with and a part of the assignment, the reasons supporting it are given and citations to the record again made. We think the assignment affords such reasonable certainty and assistance to the investigation of the record as to entitle them to be considered.

We are of opinion that the Chancellor decided the case upon an immaterial issue, as to whether or not the complainant was originally served with process. This issue, though it had become unimportant,

was the principal one around which the proof centered, it, being insisted that if the service had been made over the phone it was invalid. An able brief citing authorities is filed supporting that insistence, though no Tennessee case had been found on the question. Also that if an attempt had been made it was abortive—and the original return of the officer was filed which upon his testimony he was allowed to amend so as to show that the ditto marks did not indicate a reading over the phone to the complainant in the law case as was stated then to be the character of summons to her co-defendant Beals in the law case, and upon an examination of the original summons, the ditto marks so placed would not indicate a reading to Sue Fonda Scholze over the phone—but a reading to her personally as no ditto marks were placed under the phrase "over the phone"—which indicated the kind of service to Beals and as stated to leave no room for this inference he was allowed to amend his return by adding the words "in person" after Mrs. Scholze's name in the return. But there was testimony that he had stated to the lawyer that the warrant had been executed over the phone with such particularity and repetition as to somewhat discredit his explanation which was to the effect that there had been another warrant that he had executed over the phone which at the time he thought to be the one in question—but that it was not—and that the ditto marks under the words "by reading" were not meant to convey the idea that they were read to Mrs. Scholze over the phone. However, as indicated, the Chancellor, notwithstanding the able brief and citation of authority now filed for us and which may have been pressed upon him, came to the conclusion as stated that the judgment was void because Mrs. Scholze was not originally obligated to appear.

We think the demurrer should have been sustained because it appears from the petition, that was filed for certiorari in the law case, that it was not filed simply to have the judgment declared void and the execution superseded, on that account and quashed. But based upon an alleged meritorious defense—which she was deprived from making by not knowing of the suit in time to appeal the prayer in the petition was—

3. That this cause be retried in the Circuit Court of Hamilton county, Tennessee, and nowhere is it intimated that the object of the petition was simply to quash a void judgment and execution based thereon but that the papers may be filed and a retrial upon the merits had in the Circuit Court.

There was therefore an entry of appearance by and from the filing of the petition which brought the case within the jurisdiction of the Circuit Court and whatever his action may have been thereafter as the case stood and as it now stands can only be reviewed by the

appellate courts and not by the Chancellor, no ground for his original jurisdiction being alleged as maturing after the entry of such appearance by the certiorari filed in lieu of appeal.

"When writ of certiorari is used as substitute for an appeal, the original case tried on its merits in the Circuit Court; that is a new trial is had. Boyers v. Webb, 1 Tenn., 696; 3 Michie's Digest, 106. and cases cited.

An appeal, or its substitute, a petition for certiorari from a judgment of a Justice of the Peace to the Circuit Court is a general entry of appearance, and the Circuit Court obtains jurisdiction of the person for all purposes, whether the defendant was served with process or not. Taylor v. Sledge, 110 Tenn., 263; Donaghy v. McCorkle, 118 Tenn., 73; Williams v. Webb (Tenn.), 58 S. W., 376; Akin v. Watson (Tenn. Chy. App.), 52 S. W., 907; Gulf Pipe Line Co. v. Vanderberg, 34 L. R. A. (N. S.), 661, and note; 4 C. J., 1346, citing cases from Ark., Cal., Colo., Ill., Ind., Iowa, Ky., Mass., Minn., Mo., Mont., N. Y., N. D., Ohio, Okla., Pa., Tenn., Tex., Utah, Wis.; 2 R. C. L., 334 and cases 1914C, 699, note.

Where the court has jurisdiction of the subject-matter of the suit, a general or voluntary appearance by defendant is so far equivalent to the service of process as to confer on the court jurisdiction of his person, and thereafter he is estopped to object for the want of such jurisdiction, the appearance being equivalent to service of summons within the jurisdiction. 1 Michie's Digest, 630 and cases cited; 4 C. J., 1350-51, citing cases from over forty States (including Tenn.), U. S. Supreme Court, England, Canada and District of Columbia, also page 1353; 2 R. C. L., 335; Ball v. N. Y. Life Ins. Co., 3 Tenn. App., 102; Ramsey v. Bankhead, 3 Court of Civil App., 361.

If validity of judgment on personal jurisdiction ground alone was questioned the certiorari should have only been addressed to bringing up the papers for the purpose of quashing—and the prayer addressed to that end only.

An appearance for any other purpose than to question the jurisdiction of the court is a general appearance. "An appearance will be presumed general, so as to give the court jurisdiction of the person where the record fails to show that it is otherwise. If a restricted appearance is intended it must be accompanied by some statement to that effect." Page 1318 of vol. 4, C. J. paragraph of sec. 4, and authorities there cited.

See also sec. 5, same page of same book as follows:

"A defendant appearing specially to object to the jurisdiction of the court must keep out of court for all other purposes. In other words he must limit his appearance to that particular question or he will be held to have appeared generally, and to have waived the objection.

If he takes any step consistent with the hypothesis that the court has jurisdiction of the cause and the person, such appearance is converted into general one, whether it is limited in its terms to a special purpose or not.''

As indicated in the petition filed for certiorari and made exhibit to the bill—not only was there no indication that it was for a limited purpose to quash the proceedings but that it was for the purpose of having a retrial of the cause upon its merits. This was sufficient to clothe the court with ample jurisdiction to dispose of the case, even if it had never acquired such theretofore.

The decree of the Chancellor enjoining the judgment will therefore be reversed, the injunction dissolved and the bill dismissed at the cost of complainant and securities. If desired the cause will be remanded for a reference as to damages on the injunction bond, that may have been sustained.

Portrum and Thompson, JJ., concur.