AKERS v. GILLENTINE et al.—231 S. W. (2d) 372.

Middle Section. February 24, 1950.

Petition for Rehearing denied March 31, 1950.

Petition for Certiorari denied by Supreme Court, June 7, 1950.

Hoyt Bryson, of Woodbury, for appellant.

Sterling Brown, of Woodbury, for appellees.

FELTS, J. Complainant filed the bill herein to obtain reimbursement for over $4,000 which he paid as surety on the bond of W. T. Gillentine, guardian for the latter's two minor sons, Jack Gillentine and Ray Gillentine. He also sought to impress with a trust a tract of land of 96 acres referred to as the Dyer tract which he alleged had been purchased by the guardian with the funds of his wards. He further sought to set aside as a fraudulent conveyance a deed by which W. T. Gillentine had conveyed the Dyer tract and another tract of land to his wife Vera Gillentine.

The bill averred that complainant had signed the bond as surety of the guardian on January 16, 1933, in the sum of $4,000. The guardian received for his wards two notes of $1,000 each, one belonging to his minor son Jack Gillentine and the other to his minor son Ray Gillentine. Both of these notes were dated April 9, 1932, one due in nine months and the other in eighteen months from date.

It was further averred that W. T. Gillentine had transferred the Ray Gillentine note to the City Bank & Trust Company of McMinnville as collateral security to a note of W. T. Gillentine and wife Vera Gillentine in the sum of $1,250; that the proceeds of their $1,250 note had been used to purchase the Dyer tract of land; and that the Ray Gillentine note had later been paid to the bank and the proceeds applied in part payment of the $1,250 note.

The bill alleged that the guardian had never accounted for the proceeds of either of the two notes of his wards and had never made any settlement as guardian. It further averred that on January 29, 1939, W. T. Gillentine, being insolvent, conveyed the Dyer tract and another tract of land to his wife Vera Gillentine; that this conveyance was without any consideration and was made to defraud his creditors; and that his wife knew of his fraudulent purpose and participated therein.

It was further averred that in June, 1941, Jack Gillentine and Ray Gillentine had brought suit against the guardian, complainant as his surety, and the City Bank & Trust Company; that in 1947 the suit was dismissed as to the bank and a decree entered against the guardian and the surety; and that on April 30, 1947, the complainant as such surety had had to pay $4,395.68 in satisfaction of that decree.

The present bill was filed May 28, 1947. It was later amended so as to allege that complainant had no knowledge of the guardian's misappropriations of the funds of his wards or the guardian's fraudulent conveyance to his wife until the bringing of the suit by the wards in June, 1941.

Pursuant to a prayer of the bill an attachment issued and was levied upon the land and publication was made for defendants W. T. Gillentine and wife, both of whom were nonresidents of Tennessee residing in Michigan. He filed a plea in abatement averring that he was a nonresident and owned no property in this state. Mrs. Gillentine demurred to the bill setting up the statutes of limitation of three, six, and seven years in bar of the suit against her.

The Chancellor sustained the plea in abatement and the demurrer and dismissed the bill. Upon appeal, by complainant, the Supreme Court, opinion by Mr. Justice Burnett filed February —, 1948, Tenn. Sup., 231 S. W. (2d) 369, held that the bill alleged a case of constructive trust by averring that the proceeds of the property of the wards had gone into the purchase of the land, that upon this theory the statute of six years would not begin to run until June, 1941, when Mrs. Gillentine's holding was discovered to be adverse; and the Court reversed the Chancellor's decree and remanded the cause for answers and proof.

On the remand an answer was filed. W. T. Gillentine did not deny his defalcation or make any defense to the bill. Mrs. Gillentine denied that any of the funds of the wards had gone into the purchase of the land and denied that the conveyance to her had been made without consideration and denied that such conveyance was fraudulent. She also set up a plea of the statute of limitations of seven years as a bar of the suit to set aside the conveyance.

Proof was taken by depositions and the cause was heard by the Chancellor. He filed his opinion embodying his findings of fact and conclusions of law. He found that complainant had failed to prove that the proceeds of the Ray Gillentine note were applied to the purchase of the Dyer tract of land. He also found that this note was not pledged to the bank as collateral security to the $1,250 note of W. T. Gillentine and Mrs. Vera Gillentine. He therefore concluded that no trust could be impressed upon the land. He entered a decree dismissing complainant's bill.

Complainant appealed and insists that the Chancellor should have entered a decree for him against W. T. Gil-

lentine for $4,395.68 with interest and should have found and decreed that the conveyance made on January 29, 1939, by W. T. Gillentine to Vera Gillentine was fraudulent and void and should have set aside this conveyance and subjected the land to the satisfaction of complainant's debt against W. T. Gillentine.

■ Of course complainant is entitled to a decree against W. T. Gillentine for the amount complainant was forced to pay on account of Gillentine's defalcation.

We do not understand that appellant challenges the finding of the Chancellor that the Ray Gillentine note was not pledged to the bank and that no part of the proceeds of this note directly or indirectly went into the purchase of any part of this land. Nor do we think appellant could successfully challenge this finding. The only witness who knew anything about the transaction was Walling and on cross examination his testimony was that the Ray Gillentine note was not pledged to the bank.

■ Also we are constrained to hold that the statute of seven years barred this suit insofar as it sought to set aside the deed to Mrs. Gillentine as a fraudulent conveyance. As we have seen, this deed was made and recorded on the 29th day of January, 1939. The statute of limitations of seven years began to run from that date and the bar was complete on January 30, 1946 more than a year before the present bill was filed.

Mrs. Gillentine's nonresidence did not suspend or affect the running of the seven years statute of limitations. This is so because the bill could have been filed in Warren County and complete relief had at any time notwithstanding her nonresidence. Such is the holding of Boro v. Hidell, 122 Tenn. 80, 120 S. W. 961, 965,135 Am. St. Rep. 857.

This case also holds that even though the conveyance was fraudulent and the vendor fraudulenty concealed the cause of action, such concealment by the vendor would not prevent the seven year statute of limitations from running in favor of the vendee It was there said: " . . . That the statute of limitations protects a fraudulent vendee is clear under the authorities (Porter's Lessee v. Cocke, [7 Tenn. 30, Peck 30 ], supra; York v. Bright, [23 Tenn. 312], 4 Humph. 312; Ramsey v. Quillen, [73 Tenn. 184], 5 Lea 184; Mulloy v. Paul, 2 Tenn. Ch., 155); and that the concealment of the cause of action by the vendor or principal will not prevent the running of the statute of limitations in favor of such fraudulent vendee is fully sustained by Howell v. Thompson, 95 Tenn. 396, 404, 32 S. W. 309, et seq.; Bates v. Preble, 151 U. S. 149, 162, 14 S. Ct. 277, 38 L. Ed. 106.''

It results that the decree of the Chancellor will be modified as above indicated and as so modified will be affirmed. A decree will be entered here for complainant against W. T. Gillentine for $4,395.68 with interest from April 30, 1947, together with all the costs of the cause. In all other respects the bill will be dismissed. The costs of the appeal are adjudged against complainant and will be paid out of the deposit made by him with the clerk and master in lieu of an appeal bond.

Howell and Hickerson, JJ., concur.

### On Petition to Rehear.

FELTS, J. W. T. Gillentine petitions for a rehearing of so much of our former decree as adjudged him liable to complainant for $4,395.68, with interest, that being the

amount which complainant, as surety on his guardian bond, was compelled to pay on account of his defalcation.

Petitioner insists that he was not liable to a personal judgment because the Court had no jurisdiction of his person; and that we should have sustained his plea in abatement and dismissed the bill as to him.

We think he cannot rely on his plea in abatement. While the Chancellor did sustain his plea in abatement and the demurrer of his wife, the Supreme Court on the former appeal reversed the Chancellor's decree, overruled the demurrer and the plea in abatement, and remanded the cause for answer and proof. The concluding part of the Supreme Court's opinion was, Tenn. Sup., 231 S. W. (2d) 369: "For the reasons stated we conclude the Court below was in error in sustaining the demurrer and the plea in abatement. The cause is remanded for further proceeding consistent with this opinion."

On the remand the defendants (petitioner, his wife, and two sons) all joined in filing a paper entitled "Plea and Answer to the Bill and Amended Bill." This paper began: "Comes the defendants Ray Gillentine, Jack Gillentine, W. T. Gillentine and Mrs. Vera Gillentine, and for their separate defenses to the bill and amended bill filed against them in the above styled cause they plead as follows."

Then follow two paragraphs in which Ray Gillentine and Jack Gillentine state that they each reassert the defenses set up in their former demurrers. Then follows a paragraph in which petitioner undertakes to reassert the same plea in abatement which had already been overruled on the former appeal by the Supreme Court, this paragraph being as follows: "Comes the defendant W. T. Gillentine and interposes as his defense

to the bill and amended bill filed against him in this cause, his former plea in abatement heretofore filed in this cause, and reaffirms and adopts said plea as his defense to this suit and asks that said suit be abated as to him."

Then follows a paragraph in which Mrs. Gillentine states that she does not waive the demurrer theretofore interposed by her but relying upon the same she "for further defense to the said bill and amended bill says:" Then follow nine more pages in which numerous matters are set up as defenses to the suit, among others, the former suit of her sons against her husband and complainant, to which she was not a party, as res adjudicata and estoppel against the right of complainant to maintain this suit against any defendants.

In short, after petitioner's plea in abatement had been overruled by the Supreme Court on the former appeal, he joined with the other defendants in a paper which was in form a reassertion of his former plea in abatement but in fact an answer through which his wife undertook to set up all possible defenses on the merits both in behalf of herself and him. And this paper was not sworn to or verified as a plea in abatement must be.

After this plea and answer was filed petitioner's counsel participated in the taking of proof and in the hearing of the cause until the final decree by the Chancellor. The Chancellor's decree shows that he treated the case as before him on the merits and disposed of it on the merits. He dismissed the bill as to all of the defendants because he found complainant had failed to prove that any of the ward's funds had been used in the purchase of the land and had failed to prove that the proceeds of the Ray Gillentine note had been used to pay the debt of Mr. and Mrs. Gillentine to the bank.

■ The opinion and decree of our Supreme Court on the former appeal was a final adjudication. It overruled the plea in abatement now relied on, and remanded the cause for a defense on the merits. That decision on the former appeal is controlling and binding as the law of the case on the present appeal. Hunter v. Swadley, 141 Tenn. 156, 207 S. W. 730; City of Bristol v. Bostwick, 146 Tenn. 205, 240 S. W. 774; Going v. Going, 148 Tenn. 522, 256 S. W. 890, 31 A. L. R. 633; Oliver v. State, 164 Tenn. 555, 51 S. W. (2d) 993; 5 C. J. S., Appeal and Error, Section 1832, p. 1286.

That decision was binding on petitioner on the remand. He could not reassert the same matter already determined against him; and when he undertook to do so by joining in this anomalous pleading, we think this constituted a general appearance. It could not be treated as a special appearance to file a plea in abatement which had been determined against him. Nor was this pleading verified as a plea in abatement must be. Nor did it undertake expressly to limit his appearance, nor could it have that effect impliedly as a plea in abatement.

■■ All appearances are deemed to be general unless the contrary appears. The filing of any pleading, the making or resisting of any motion, the filing of exceptions to a master's report, the taking of depositions to be read in the cause, the making of any agreement with the complainant or his solicitor, relative to any proceeding, in the cause, or any other act in the cause, between the filing of the bill and the rendition of the final decree, whereby the pendency of the suit is recognized expressly, or by necessary implication, will, if there be record evidence of the fact, constitute a general and unlimited appearance, unless limited by express declara-

tion, or necessary implication. Gibson's Suits in Chancery, 3rd Ed., Sec. 223; Rowsey v. Burkhead, 3 Tenn. Civ. App. 361, 369-372.

■ By joining in this plea and answer, and by participating through his solicitor in the taking of the depositions and the hearing, petitioner made a general appearance in the suit. The effect of such general appearance was to give the Court jurisdiction over his person and to enable it to render a decree against him for the money recovery allowed. Rowsey v. Burkhead, supra; Gore v. McDaid, 27 Tenn. App. 111, 178 S. W. (2d) 221; Gibson, Sec. 224; Scholze v. Anderson, 12 Tenn. App. 637, 642; Transport Corp. v. Caldwell, 19 Tenn. App. 44, 82 S. W. (2d) 571.

The petition to rehear is overruled at petitioner's cost.

Howell and Hickerson, JJ., concur.