Tina D. LANDERS, Plaintiff–Appellant,

v.

Jay Byron JONES, Defendant–Appellee.

No. 03–S–01–9308–JV–00044.

Supreme Court of Tennessee,
at Knoxville.

Feb. 23, 1994.

Lawrence A. Welch, Jr., Milligan & Coleman, Greeneville, for appellant.

Eric D. Christiansen, Greeneville, for appellee.

## OPINION

ANDERSON, Justice.

We are asked to decide whether a defendant's participation in a joint motion for continuance in juvenile court constitutes a general appearance and, therefore, a waiver of the defendant's right to contest the issue of personal jurisdiction. For the reasons set out below, we conclude that a defendant does not waive the right to contest personal jurisdiction by participating in a joint motion for continuance.

## BACKGROUND

The plaintiff, Tina Landers, a resident of Greeneville, Tennessee, filed a paternity pro-

ceeding in the Juvenile Court of Greene County, Tennessee, alleging that the defendant, Jay Byron Jones, a resident of Richton, Mississippi, was the father of her child. A trial date was unilaterally set for April 22, 1992. Some five months after suit was filed, process was served on April 3, 1992, on the defendant in Mississippi. The defendant employed a Greeneville lawyer who, together with plaintiff's counsel, filed a joint motion to continue the hearing until a later date. The joint motion alleged:

> [T]he parties would respectfully show unto the Court that service of process was not obtained upon the Defendant until on or about April 3, 1992, and that he respectfully requests the Court to allow him additional time within which to *prepare his defense.*

(Emphasis added.) An agreed order was entered continuing the case to be set at a later date.

Jones then made a "limited appearance" for the purpose of moving the juvenile court to dismiss the petition for lack of personal jurisdiction. The motion recited that Jones was a resident of Mississippi and that he had never been in the State of Tennessee.

The Juvenile Court overruled the motion and when Jones did not thereafter respond, a default judgment was entered declaring Jones to be the lawful father of the plaintiff's child and ordering the payment of child support and birth expenses. The judgment recited that Jones

> ... made a general appearance in this Court, by and through counsel, with the filing of a Joint Motion to Continue and Agreed Order of Continuance. Further, at or before that time an agreement was made with counsel representing Petitioner Tina Landers for blood testing to be performed.

The defendant Jones appealed from the default judgment, challenging the trial court's denial of his motion to contest personal jurisdiction. The Court of Appeals reversed, finding that the joint motion for continuance did not constitute a general appearance because the "motion seeking an enlargement of time in no way recognized the proper pendency of the cause, or the jurisdiction,

and sought no affirmative relief." We granted the plaintiff's application for permission to appeal and now affirm the judgment of the Court of Appeals for the reasons set out below.

### PERSONAL JURISDICTION

█ In order to adjudicate a claim, a court must possess both subject matter jurisdiction and personal jurisdiction. *Brown v. Brown*, 155 Tenn. 530, 296 S.W. 356 (1927). Subject matter jurisdiction relates to the nature of the cause of action and the relief sought and is conferred by the sovereign authority which organizes the court. *Cooper v. Reynolds*, 77 U.S. 308, 10 Wall. 308, 19 L.Ed. 931 (1870); *Turpin v. Conner Bros. Excavating Co., Inc.*, 761 S.W.2d 296, 297 (Tenn.1988). Personal jurisdiction, by contrast, refers to the court's authority to adjudicate the claim as to the person. *Id.*

Personal jurisdiction of non-resident defendants may be obtained by service of process under the Tennessee Long Arm Statute (Tenn.Code Ann. § 20–2–214(a)) if, and only if, the non-resident defendant has such minimum contacts with this state that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *J.I. Case Corp. v. Williams*, 832 S.W.2d 530, 531 (Tenn.1992).

█ Subject matter jurisdiction differs fundamentally from personal jurisdiction in that the latter can be conferred by express or implied consent. *Davis v. Mitchell*, 27 Tenn.App. 182, 178 S.W.2d 889, 900 (1944).

In other words, subject matter jurisdiction cannot be waived, but a court's lack of personal jurisdiction may be waived by a defendant; and, one method of waiver is by making a voluntary "general appearance" before the court in order to defend the suit on the merits, rather than a "special appearance" for the purpose of contesting personal jurisdiction. *Dixie Savings Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn.App.1988); *Tennessee Dept. of Human Services v. Daniel*, 659 S.W.2d 625, 626 (Tenn.App.1983).

As a result of the foregoing, the issue in this case becomes whether the defendant Jones' participation in the joint motion for continuance constituted a waiver by "general appearance," which precluded him from later contesting the court's personal jurisdiction.

Initially, we note that there is a modern legal trend away from the technical requirement that a defendant must enter a special appearance to contest personal jurisdiction. For example, both the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure allow a defendant to raise all defenses, including a challenge to the personal jurisdiction of the court, in either a pre-trial motion or in a responsive pleading. *See, e.g.,* Fed.R.Civ.P. 12(b) and Tenn.R.Civ.P. 12.02 ("No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."). Under both the state and federal civil procedure rules, therefore, a defendant is permitted to raise the defense of lack of personal jurisdiction at the same time other defenses are raised. Waiver occurs only if there is no objection to personal jurisdiction in the first filing, either a Rule 12 motion or an answer. The authors of *Gibson's Suits in Chancery* § 146 (6th ed. 1982) have commented in that connection that Rule 12 of the Tennessee Rules of Civil Procedure eliminates a "trap for the unwary." *Id. Wright v. Universal Tire, Inc.,* 577 S.W.2d 194 (Tenn.App.1978); *see generally* 3 Nancy F. MacLean & Bradley A. MacLean, *Tennessee Practice,* § 12.5 (West 2nd ed. 1989); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1344 and § 1362 (West 1990).

Although the Tennessee Rules of Civil Procedure are not by their own terms applicable to paternity cases in juvenile court,[1] Rule 1(b) of the Tennessee Rules of Juvenile Procedure provides that the "Tennessee Rules of Civil Procedure shall govern all paternity cases." Thus, Tenn.R.Civ.P. 12.02, which dispenses with the requirement of entering a special appearance to contest personal jurisdiction, applies to this case.

The plaintiff, however, contends that that this case is controlled by the holding in an earlier Court of Appeals case, *Akers v. Gillentine,* 33 Tenn.App. 212, 231 S.W.2d 372, 376 (1950), in which the Court stated:

> All appearances are deemed to be general unless the contrary appears. The filing of any pleading, the making or resisting of any motion, ... the making of any agreement with the complainant or his solicitor, relative to any proceeding in the cause, or any other act in the cause, between the filing of the bill and the rendition of the final decree, whereby the pendency of the suit is recognized expressly, or by necessary implication, will, if there be record evidence of the fact, constitute a general and unlimited appearance, *unless limited by express declaration or necessary implication.*

(Emphasis added.)

Specifically, the plaintiff contends that the joint motion for continuance, coupled with the alleged agreement of the defendant to submit to blood tests, mentioned in the juvenile court's final judgment, establish a "general appearance" under *Akers.*

The *Akers* court cites with approval the early 1912 decision in *Rowsey v. Burkhead,* 3 Tenn.Civ.App. 361 (1912), which adopted a hypertechnical rule that "[a] motion intended to be special should always be made expressly so, because every motion not appearing to be special will be regarded as general." *Id.* at 372. Rule 12.02 of the Tennessee Rules of Civil Procedure, in our judgment, has superseded the *Akers* language relied upon by the plaintiff.

Even under *Akers,* however, a waiver does not occur if the alleged general appearance is "limited by express declaration or necessary implication." Here, the joint motion specifically stated that the additional time was being sought to allow Jones "to prepare a defense." Certainly that reservation necessarily implies that the motion is limited and could include a defense of lack of personal jurisdiction. As to the alleged private blood test agreement between counsel, the record is woefully deficient. Its bare mention in the court's judgment is insufficient without any

---

1. *Tennessee Department of Human Services v. Pat-* terson, 605 S.W.2d 541 (Tenn.1980).

actual foundation in the record as to the agreement, its provisions, its timing, or its relationship to personal jurisdiction.

█ Finally, and most importantly, as a matter of policy, we are simply unable to conclude that a joint motion for continuance constitutes a waiver of the right to raise personal jurisdiction, irrespective of whether the motion contains language which reserves defenses. Such a motion "in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court." *Patterson v. Rockwell International,* 665 S.W.2d 96, 100 (Tenn.1984). In accordance with the modern trend, and Rule 12.02 of the Tennessee Rules of Civil Procedure, juvenile courts should only find a general appearance that waives a defendant's right to contest personal jurisdiction when the defendant has recognized the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction. To the extent that prior judicial decisions can be read as requiring otherwise, they are overruled.

Based on the foregoing analysis, we affirm the judgment of the Court of Appeals remanding the case back to the juvenile court for an evidentiary hearing on the jurisdictional issue. Cost of this appeal are taxed against the plaintiff Landers.

REID, C.J., and DROWOTA and O'BRIEN, JJ., concur.

DAUGHTREY, J., not participating.