IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 3, 2011 Session

# THE ESTATE OF PAULINE VERNUSE BUTLER, v. PAUL V. PEEPLES, SR.

**Appeal from the Chancery Court for Hamilton County**
**No. 09P669      Hon. Jeffrey M. Atherton, Chancellor**

---

**No. E2010-01991-COA-R3-CV - FILED - MAY 26, 2011**

---

The representative of this Estate filed a "Motion to Marshal Assets" alleging that a California resident held assets of the Estate and had refused to turn them over to the Estate. The Trial Court summarily ordered the California resident to surrender any assets held and turn them over to the Estate. Paul V. Peeples, the California resident, filed a Motion in Probate Court that the Court had no personal jurisdiction over him, along with his affidavit. His Motion was denied. He appealed to this Court and we hold that he was not subject to the jurisdiction of the Trial Court and reverse the orders against him and dismiss him as a party to the probate estate action.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed, and Appellant Dismissed from the case.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J.,  and JOHN W. MCCLARTY, J., joined.

Jerre B. Mosley,  and R. Jonathan Guthrie, Chattanooga,  Tennessee, for the appellant, Paul V. Peeples, Sr.

Lynn Dechman, Chattanooga, Tennessee, for the appellee, The Estate of Pauline Vernuse Butler.

# OPINION

This case originated when the Will of the decedent, Pauline Butler was admitted for probate, and Sharon McCombs was named personal representative in accordance with the terms of the Will. After the estate was opened McCombs filed a Motion to Marshal Assets, asking the Court to marshal assets of the estate[1] currently in the possession of decedent's brother, Paul Peeples. The Executor attached documents indicating that Peeples held assets that should be paid into the Estate. Subsequently, a Senior Judge designated as Chancellor, held that Peeples was under the Court's jurisdiction because he was holding assets of the Butler Estate. Further the Court said Peeples had no right to the assets and ordered Peeples to turn the assets over to the Estate, which order was mailed to Peeples at a California Address on G Street, and it was also sent to a California attorney named James Aste.

Peeples then filed a Motion to Alter or Amend Judgment, stating that he was never properly served with the motion, that he was not properly before the Court as a California resident, and that the factual allegations were inaccurate.

The Estate then filed a second Motion to Marshal Assets, asserting that Peeples was under the Court's jurisdiction because he made an appearance by filing the Motion to Alter or Amend Judgment. The Clerk and Master, acting as "Chancellor by Designation", entered an order which stated that Peeples admitted that he was holding assets that belonged to the Estate, and that Peeples was properly served with the second Motion to Marshal Assets through his Tennessee attorneys, and overruled the Motion and affirmed the earlier Order.

Peeples filed yet another Motion to Alter or Amend and to Dismiss Judgment, and the Chancellor ruled against Peeples, and Peeples then filed a timely Notice of Appeal.

The issues on appeal are:

1.      Whether the Trial Court erred in entering the Order to Marshal Assets?

2.      Whether Peeples entered a general appearance in the action and waived the

---

[1] The Estate relied upon Tenn. Code Ann. §35-50-110 as authority for its motion, but this statutory section deals with the executor's powers/duties, and does not in any way enable the executor or the court to circumvent the filing of a complaint or rules regarding service of process. Marshaling of Assets is a tool used by probate courts to apply the rules of equity to assets before the court and in some instances determine what assets should be paid out for the debts against the estate. *See, Archer, et al., v. Archer, et al.,* 3 Tenn. Ct. App. 623 (1925).

issue of personal jurisdiction?

Appellant argues the Trial Court erred in entering Judgment on an Order to Marshal Assets, because the Estate failed to file a complaint against him, failed to obtain proper service of process, and thus he was denied due process. Appellee argues that Peeples made a general appearance in the case by filing his motion, and that the Court attained personal jurisdiction over him.

Appellant is a resident of the State of California. The assets in question are undeniably held in the State of California, but the Trial Court entered an Order directing appellant, who is not a resident and has not even been named as a defendant, to turn over assets that he may be holding in the State of California. The record demonstrates there has been no complaint filed against appellant, nor has there been proper service of process upon appellant, and without these procedural steps, the Trial Court did not have personal jurisdiction over appellant to order him to respond in this action. *See,* Tenn. R. Civ. P. 3 and 4. Without the filing of a complaint and proper service of process, the Court did not acquire jurisdiction over Paul V. Peeples, Sr. See *Proffitt v. Smoky Mountain Woodcarvers Supply, Inc.*, 2010 WL 1240975 (Tenn. Ct. App. Mar. 31, 2010).

The Estate argues that Peeples cannot now claim a lack of personal jurisdiction by the Trial Court, because he filed a motion in the case and thus made a general appearance. The Estate ignores the case law on this subject, however, which states that when a defendant makes an initial filing that raises the personal jurisdiction issue, there is no waiver. In *Landers v. Jones*, 872 S.W.2d 674 (Tenn. 1994), the Supreme Court explained:

> Initially, we note that there is a modern legal trend away from the technical requirement that a defendant must enter a special appearance to contest personal jurisdiction. For example, both the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure allow a defendant to raise all defenses, including a challenge to the personal jurisdiction of the court, in either a pre-trial motion or in a responsive pleading. See, e.g., Fed.R.Civ.P. 12(b) and Tenn.R.Civ.P. 12.02 ("No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."). Under both the state and federal civil procedure rules, therefore, a defendant is permitted to raise the defense of lack of personal jurisdiction at the same time other defenses are raised. Waiver occurs only if there is no objection to personal jurisdiction in the first filing, either a Rule 12 motion or an answer. The authors of Gibson's Suits in Chancery § 146 (6th ed. 1982) have commented in that connection that Rule 12 of the Tennessee Rules of Civil Procedure eliminates a "trap for the unwary."

* * *

The plaintiff, however, contends that this case is controlled by the holding in an earlier Court of Appeals case, *Akers v. Gillentine*, 33 Tenn.App. 212, 231 S.W.2d 372, 376 (1950), in which the Court stated:

> All appearances are deemed to be general unless the contrary appears. The filing of any pleading, the making or resisting of any motion, ... the making of any agreement with the complainant or his solicitor, relative to any proceeding in the cause, or any other act in the cause, between the filing of the bill and the rendition of the final decree, whereby the pendency of the suit is recognized expressly, or by necessary implication, will, if there be record evidence of the fact, constitute a general and unlimited appearance, unless limited by express declaration or necessary implication.

Specifically, the plaintiff contends that the joint motion for continuance, coupled with the alleged agreement of the defendant to submit to blood tests, mentioned in the juvenile court's final judgment, establish a "general appearance" under *Akers*.

The *Akers* court cites with approval the early 1912 decision in *Rowsey v. Burkhead*, 3 Tenn.Civ.App. 361 (1912), which adopted a hypertechnical rule that "[a] motion intended to be special should always be made expressly so, because every motion not appearing to be special will be regarded as general." Id. at 372. Rule 12.02 of the Tennessee Rules of Civil Procedure, in our judgment, has superseded the *Akers* language relied upon by the plaintiff.

Even under *Akers*, however, a waiver does not occur if the alleged general appearance is "limited by express declaration or necessary implication." Here, the joint motion specifically stated that the additional time was being sought to allow Jones "to prepare a defense." Certainly that reservation necessarily implies that the motion is limited and could include a defense of lack of personal jurisdiction. As to the alleged private blood test agreement between counsel, the record is woefully deficient. Its bare mention in the court's judgment is insufficient without any actual foundation in the record as to the agreement, its provisions, its timing, or its relationship to personal jurisdiction.

Finally, and most importantly, as a matter of policy, we are simply unable to conclude that a joint motion for continuance constitutes a waiver of the right to raise personal jurisdiction, irrespective of whether the motion contains language which reserves defenses. Such a motion "in no way recognizes that the cause is properly pending or

-4-

that the court has jurisdiction, and no affirmative action is sought from the court." In accordance with the modern trend, and Rule 12.02 of the Tennessee Rules of Civil Procedure, juvenile courts should only find a general appearance that waives a defendant's right to contest personal jurisdiction when the defendant has recognized the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction. To the extent that prior judicial decisions can be read as requiring otherwise, they are overruled.

*Id.* at 676-677 (internal citations omitted).

In the case before us, appellant filed a motion which expressly challenged the Trial Court's personal jurisdiction as a movant. The fact that Peeples did not simply enter a "special appearance" solely for the purpose of challenging personal jurisdiction does not change the fact that his appearance was limited by "express declaration". *See Landers.* Peeples did not waive his right to contest the personal jurisdiction of the Trial Court, as he complied with the Rules of Civil Procedure to preserve his challenge.

The Probate Court never obtained personal jurisdiction over Peeples in this case. The Probate Court's Judgment is reversed and Peeples is dismissed from this action, with the cost of the appeal assessed to The Estate of Pauline Vernuse Butler.

_____
HERSCHEL PICKENS FRANKS, P.J.