# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 6, 2013 Session

## LESLIE KAY JOHNSON v. DARREN TRACY JOHNSON

**Appeal from the Chancery Court for Monroe County**
**No. 16644      Jerri S. Bryant, Chancellor**

---

**No. E2012-02618-COA-R3-CV-FILED-SEPTEMBER 23, 2013**

---

This appeal concerns a dispute over the modification of a permanent parenting plan. Leslie Kay Johnson ("Mother") and Darren Tracy Johnson ("Father") were divorced in the Chancery Court for Monroe County ("the Trial Court"). A permanent parenting plan was entered regarding the parties' minor child ("the Child"). Mother was designated as the primary residential parent with the parties to have equal parenting time with the Child. Mother later filed an emergency petition for custody and contempt, alleging that the Child had severe anxiety about going to see Father. Father filed a motion to dismiss, arguing that because Mother failed to file a proposed parenting plan contemporaneously with her petition as required by statute, Mother's petition should be dismissed. Both Mother and Father ultimately filed proposed parenting plans with Father's being submitted with his own Petition for Change in Co-Parenting Time. The Trial Court denied Father's motion to dismiss. After a hearing on the competing petitions, the Trial Court modified the parenting plan to grant Mother more time with the Child. Father appeals. We hold that the Trial Court had jurisdiction to decide Mother's petition and that the Trial Court did not err in modifying the existing parenting plan. We affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and THOMAS R. FRIERSON, II, J., joined.

Kevin C. Angel, Oak Ridge, Tennessee, for the appellant, Darren Tracy Johnson.

John W. Cleveland, Sr., Sweetwater, Tennessee, for the appellee, Leslie Kay Johnson.

# OPINION

## Background

Mother and Father were divorced in 2010. Under the permanent parenting plan adopted in their divorce, the parties were to have equal parenting time with the Child. The Child was rotated between the parties throughout the week. Mother was designated as the primary residential parent.

In April 2012, Mother filed an Emergency Petition for Custody and Contempt. The petition alleged, among other things, that the Child suffered from panic attacks and anxiety related to his visits with Father. No proposed permanent parenting plan was filed with the petition. The petition did request a hearing to determine Father's visitation. The Trial Court entered an emergency ex parte order suspending Father's visitation pending a hearing. Following a May 2012 hearing, the Trial Court entered an order that continued the suspension of Father's weekday visitation. The Trial Court ordered the suspension to remain in effect pending a report from the Child's psychiatrist, Dr. John Robertson.

In August 2012, Father filed a Motion to Dissolve Previous Orders of the Court, Compensate the Lost Co-Parenting Time and Restore Shared Parenting Schedule. As the title suggests, Father's motion sought to reinstate the previous permanent parenting plan and allow Father to make up for lost visitation. The Trial Court entered an order stating, *inter alia*:

> Dr. [Robertson], finds it is not in the child's best interest to be exchanged by the parents multiple times per week; that the court has already found a change in circumstances in the order of May 8, 2012, and a final hearing to determine the best interest of the child would be next . . . the Respondents Motion to Dissolve the existing Order is denied . . . this matter shall be set for a final hearing on September 6, 2012, on proof of best interest for the child.

Also in August 2012, Father filed a motion to dismiss. Father, in arguing that Mother's petition should be dismissed, cited the fact that Mother failed to file a proposed parenting plan with her petition as required by Tenn. Code Ann. § 36-6-405.

On September 5, 2012, Mother filed a proposed permanent parenting plan. The next day, September 6, 2012, Father filed his own Petition for Change in Co-Parenting Time, along with his own proposed permanent parenting plans. September 6 also was the scheduled date of the hearing on Mother's petition. The Trial Court's November order on the September 6, 2012 hearing states that the hearing was on both petitions.

Regarding Father's motion to dismiss, the Trial Court held orally that Father had waived the requirement of Tenn. Code Ann. § 36-6-405 as there had been other hearings in the case and his motion had come too late. After the hearing, the Trial Court entered its final order, modifying the parenting plan to grant Mother 219 days per year with the Child and Father 146 days. The order stated in part:

[T]he court finds that the temporary emergency order does not need to continue; that the parties agree that there has been a change in circumstances from the entry of the last court order which was prior to the temporary order being in place; that something needs to change with this child; that this is a child of exceptional sensitivity and the coparenting schedule previously worked out by the parties is not in the child's best interest . . . .

***

[T]he Father does not seem to be acceptable to suggestions about activities for the child or suggestions about going to therapy or switches in coparenting time without meeting them in a negative response; the Father's offer to swap an overnight for four hours on Mother's Day was not a positive response by the Father but Mother also was at fault in that issue, in not trying to offer some additional time on another day; the court finds the Father submitted two separate proposed parenting plans but neither are in the child's best interest; the court finds the Mother has been willing to work with the Father by offering him additional time but there was no evidence the Father returned that favor and saying that he's had more of the time; Father's lack of communication concerning changes in plans until the last minute, indicates avoidance behavior that needs to be corrected . . . .

***

[T]he Court does feel alternating weeks in the summer is something the parties should work toward and would be in the child's best interest; it is found the Mother has attempted to work towards the child's best interest and has tried to encourage the child to spend more time with the Father for which I commend her . . . .

Father timely appealed to this Court.

## Discussion

Though not stated exactly as such, Father raises two issues on appeal: 1) whether the Trial Court erred in failing to grant Father's motion to dismiss; and, 2) whether the Trial Court erred in establishing the new co-parenting schedule.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first address whether the Trial Court erred in failing to grant Father's motion to dismiss. On appeal, Father argues that Mother failed to awaken the Trial Court's jurisdiction when she filed her petition. Father relies on the case of *Hodge v. Hodge*, M2006-01742-COA-R3-CV, 2007 WL 3202769 (Tenn. Ct. App. Oct. 31, 2007), *no appl. perm. appeal filed*. In *Hodge*, the parties divorced, and a permanent parenting plan was entered concerning their children. *Id*. at *1. Two years later, the trial court *sua sponte* appointed a Special Master to resolve conflicts between the parties in implementing the permanent parenting plan. *Id*. at **1-2. The mother challenged the appointment of the Special Master on appeal. *Id*. We held that the trial court lacked jurisdiction to modify the permanent parenting plan. *Id*. at *4. We described what was required to invoke or awaken a trial court's jurisdiction in a domestic action at this state of the proceedings:

> There are presently two ways to invoke the trial court's jurisdiction over final judgments previously rendered by the trial court in a domestic action. One is to file a petition along with a "proposed parenting plan," as mandated by Tenn. Code Ann. § 36-6-405, and summons. The other is to file a Tenn. R. Civ. P. 60 motion. Thus, to awaken the trial court's jurisdiction from this period of rest, one of the parties had to file a petition (or complaint) for modification along with a proposed parenting plan pursuant to Tenn. Code Ann. § 36-6-405, or a Rule 60 motion for relief from the judgment. *See Levy*, 2001 WL 1141351, *4. Neither party filed the requisite petition and process or Rule 60 motion to request the trial court to exercise its power of exclusive jurisdiction, and therefore, the trial court was without jurisdiction to take any action that constituted a modification of the permanent parenting plan incorporated in the 2003 final judgment.

-4-

*Hodge*, 2007 WL 3202769, at *4 (footnotes omitted). Tenn. Code Ann. § 36-6-405 (2010) provides in relevant part: "In a proceeding for a modification of a permanent parenting plan, a proposed parenting plan shall be filed and served with the petition for modification and with the response to the petition for modification."

Returning to the case now before us, Father contends that Mother failed to use one of the available methods for awakening the Trial Court's jurisdiction. Specifically, Father argues that Mother's failure to file a proposed parenting plan contemporaneously with her petition means the Trial Court lacked subject matter jurisdiction to rule on her petition. Father correctly notes that in Tennessee, subject matter jurisdiction may not be waived. *See Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994).

A brief timeline of this case reveals the following facts. In April 2012, Mother filed an Emergency Petition for Custody and Contempt. This petition did request a modification of Father's residential parenting time. Mother's petition was not accompanied by a proposed permanent parenting plan. In August 2012, Father filed a motion to dismiss, making his jurisdictional argument based on Mother's failure to include a proposed parenting plan. On September 5, 2012, Mother filed a proposed permanent parenting plan. On September 6, the date of the hearing on Mother's petition, Father filed his own Petition for Change in Co-Parenting Time along with his proposed permanent parenting plans. It thus appears that the requirements of Tenn. Code Ann. § 36-6-405 ultimately were satisfied. While Mother initially did not file a proposed permanent parenting plan, both parties later filed proposed permanent parenting plans, Father's along with his own Petition for Change in Co-Parenting Time. The requirements of the statute effectively were fulfilled. We hold that the Trial Court had jurisdiction.

We next address whether the Trial Court erred in establishing the new co-parenting schedule as it did. Father contends that only his proposed parenting plans properly were before the Trial Court. According to Father, his plans adequately addressed the Child's needs, and, therefore, the Trial Court had no choice but to adopt one of them. Father cites to the *Massey-Holt* case:

Father did not submit a Permanent Parenting Plan. His failure to do so violates Tenn. Code Ann. § 36-6-405(a), which requires that "[i]n a proceeding for a modification of a permanent parenting plan, a proposed parenting plan shall be filed and served with the petition for modification." Because Father did not submit a plan, Mother's plan is the only proposal currently in front of this court. Upon consideration of all the evidence in the record, we conclude that Mother's plan adequately addresses the changed circumstances that gave rise to the need for a modification in the first place. We therefore adopt

> Mother's proposed Permanent Parenting Plan, effective immediately, except as noted in the next paragraph.

*Massey-Holt v. Holt*, 255 S.W.3d 603, 612 (Tenn. Ct. App. 2007).

First, we disagree with Father's contention that only his proposed parenting plans properly were before the Trial Court. At the time of the hearing, Mother had filed a proposed parenting plan. Moreover, even if Father's proposed parenting plans had been the only ones before the Trial Court, Father's contention that the Trial Court somehow was required to adopt one of his proposed parenting plans is mistaken. Nothing in *Massey-Holt* supports such an interpretation. Indeed, we have stated that trial courts may enter their own permanent parenting plan in keeping with the child's best interest: "T.C.A. § 36-6-404 does not preclude the trial court from entering its own parenting plan . . . ." *Gentry v. Gentry*, M2004-00640-COA-R3-CV, 2005 WL 901145, at *1 (Tenn. Ct. App. Apr. 18, 2005), *no appl. perm. appeal filed*. In that opinion we went on to state:

> In the instant case, Ms. Gentry filed a proposed "Permanent Parenting Plan" on September 23, 2003. Mr. Gentry did not file a proposed parenting plan. Pursuant to T.C.A. § 36-6-404(c)(2), the trial court, while keeping the best interests of these children at the forefront of its consideration, could have adopted Ms. Gentry's proposed parenting plan in whole or in part, or *could have established its own parenting plan*. The trial court here opted to establish its own parenting plan . . . .

*Gentry*, 2005 WL 901145, at *6 (emphasis added).

We agree with *Gentry*. The Trial Court was not required to adopt either one of the parties' proposed permanent parenting plans. Subject to a child's best interest, a trial court has the authority to enter its own parenting plan. Here, the Trial Court did just that. The Trial Court modified the original parenting plan to grant Mother more parenting time after finding both a material change in circumstances and that it was in the Child's best interest to make this specific modification. The evidence does not preponderate against the Trial Court's findings relevant to its decision. We affirm the judgment of the Trial Court in its entirety.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Darren Tracy Johnson, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE