# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **SUSIE BUCHANAN,** | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Shelby Circuit No. 76079 T.D. |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MEMPHIS LIGHT, GAS & WATER** | ) | Appeal No. 02A01-9610-CV-00245 |
| **DIVISION,** | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

FILED

November 14, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE JAMES E. SWEARENGEN, JUDGE

For the Plaintiff/Appellee:                      For the Defendant/Appellant:

Brett B. Stein                                   James F. Greer
Memphis, Tennessee                               Memphis, Tennessee

**REVERSED AND DISMISSED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

This case involves a *de novo* appeal from general sessions court to circuit court. The plaintiff obtained a default judgment in general sessions court. On appeal to circuit court, the defendant sought to assert the applicable statute of limitations. The trial court ruled that the defendant had waived the defense by failing to raise it in the general sessions court. We reverse.

The Plaintiff/Appellee Susie Buchanan ("Buchanan") filed a civil warrant in the General Sessions Court in Shelby County. She alleged that on November 9, 1992, Memphis Light, Gas, and Water ("MLG&W") damaged her property in Memphis, Tennessee. She sought damages under the Tennessee Governmental Tort Liability Act (TGTLA), Tennessee Code Annotated §§ 29-20-101 et seq. Buchanan's civil warrant in General Sessions Court was filed on October 12, 1995. MLG&W did not appear in General Sessions Court to contest the claim, and default judgment was entered for the plaintiff on February 14, 1996. MLG&W appealed to the Circuit Court for the Thirtieth Judicial District at Memphis.

On June 28, 1996, MLG&W filed a motion to dismiss in Circuit Court, asserting that the plaintiff's claim was barred because she failed to file her lawsuit within the one-year statute of limitations period. The trial court denied the motion to dismiss. An interlocutory appeal was granted, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The issue on appeal is whether MLG&W is barred on appeal to the Circuit Court from pleading the applicable statute of limitations as a defense, if the defense was not raised in the General Sessions Court. Buchanan does not dispute that her lawsuit was filed more than one year after the date of the accident at issue in this case.

This appeal involves a question of law. We review the trial court's legal conclusions *de novo* with no presumption of correctness. Tenn. R.App. P. 13(d). *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

The parties do not dispute that the applicable statute of limitations under the TGTLA is a one-year statute of limitations. *See* Tenn. Code Ann. § 29-20-305(b)(1997). Buchanan acknowledges that her lawsuit was filed more than one year after the accident at issue. Therefore, the only issue raised in this interlocutory appeal is whether MLG&W waived its statute of limitations defense by not raising it in General Sessions Court.

In this appeal, Buchanan relies on Tennessee Code Annotated § 16-15-505 (1994), which provides:

> Objections to the jurisdiction of the general sessions court, before which the warrant is returned, shall be made before the hearing, or they will be considered as waived.

Buchanan asserts that this statute takes priority over Tennessee Code Annotated § 20-11-108 (1994), which states:

> In appeals from courts of general sessions, the circuit court shall supply any defect in the proceedings of the inferior jurisdiction, as though the suit had been commenced in the circuit court.

Buchanan's argument is without merit. MLG&W's asserted defense does not involve the jurisdiction of the General Sessions Court; Section 16-15-505 is not applicable. An appeal from General Sessions results in a *de novo* trial in the Circuit Court -- there is no presumption of correctness in the lower court's judgment. The case is tried as if there had been no previous proceeding. *Hohenberg Bros. v. Missouri Pacific R.R. Co.*, 586 S.W.2d 117, 119 (Tenn. App. 1979).

This Court's decision in *Wachovia Bank Card Services v. Overton*, No. 03A01-9510-CV-00373, 1996 WL 64004 (Tenn. App. Feb. 15, 1996) is analogous. In *Wachovia*, the plaintiff filed a lawsuit in General Sessions Court, but failed to obtain service of process on the defendant. On appeal to Circuit Court, the plaintiff argued that by appealing the judgment to Circuit Court, the defendant entered a general appearance and thereby submitted to the Court's jurisdiction. This argument was rejected:

> Since the appeal from Sessions Court was for a trial *de novo*, and the Rules of Civil Procedure became applicable to the case upon appeal, the Rules allow the defendant to raise all defenses, including a challenge to personal jurisdiction of the Court in either a pre-trial motion or a responsive pleading.

*Id.*, at **2 (citing *Landers v. Jones*, 872 S.W.2d 674, 676 (Tenn. 1994)).

Therefore, the trial court in this case erred in denying MLG&W's motion to dismiss on the basis that MLG&W waived its statute of limitations defense by not raising it in General Session Court. The trial court's decision must be reversed. Since it is undisputed that Buchanan filed her lawsuit beyond the applicable one-year statute of limitations, on remand, Buchanan's lawsuit must be dismissed.

2

The decision of the trial court is reversed, and the cause is remanded for entry of an order dismissing Appellee's lawsuit. Costs on appeal are taxed to the Appellee, for which execution may issue if necessary.

_____

_____HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**