IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2019

**MIDLAND FUNDING, LLC v. THUY CHAU**

**Appeal from the Circuit Court for Davidson County**
**No. 16C2095     Hamilton V. Gayden, Jr., Judge**

_____

**No. M2018-01542-COA-R3-CV**

_____

A creditor filed suit in general sessions court to collect an outstanding debt alleged to be due on a sworn account.  The debtor's counsel permitted the creditor to take a default judgment and appealed the judgment to the circuit court.  In circuit court, the debtor filed a motion to strike three affidavits filed by the creditor.  Later, the debtor filed another motion to strike the creditor's affidavits and a motion to dismiss for improper service of process.  The trial court denied the debtor's motions to strike and to dismiss and entered judgment for the creditor in the amount of the claimed debt.  On appeal, the debtor argues that the trial court erred in denying her motions and in admitting into evidence the documents by which the creditor proved the debt.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and CARMA D. MCGEE, JJ., joined.

James E. Kirby, Nashville, Tennessee, for the appellant, Thuy Chau.

Sharon Kim, Knoxville, Tennessee, for the appellee, Midland Funding, LLC.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

The dispute at issue in this appeal began on March 21, 2014, when Midland Funding, LLC ("Midland"), as successor in interest to Chase Bank USA, N.A. ("Chase"), filed a civil warrant in general sessions court against Thuy Chau to collect an outstanding debt alleged to be due on a sworn account in the amount of $12,467.88.  The summons was served by private process on April 28, 2014.  Attached to the civil warrant was the

affidavit of Tanya Johnson, an officer of Midland, who testified to Midland's maintenance of account records and to her review of the records pertaining to the account at issue in this case.

On June 27, 2016, Midland filed a Notice of Intent to Introduce Business Records Pursuant to Tenn. R. Evid. 803(6) and 902(11) with the following documents attached: (1) the certification of Sheri Meline to the accuracy of the records; (2) a May 14, 2012 bill of sale between Equable Ascent Financial, LLC, and Midland; (3) a portion of the list of receivables referenced in the bill of sale including the Chase account at issue; and (4) a bank statement for the Chase bank account at issue for July 13, 2009, through August 12, 2009, showing a balance of $12,467.88. On August 4, 2016, Ms. Chau's counsel permitted Midland to take a judgment by default in the general sessions court.

Ms. Chau appealed the general sessions judgment to the circuit court. On June 16, 2017, Midland filed a second notice to introduce business records with similar documents attached; the certifying affidavit was completed by a different Midland employee, Mickaela Johnson. On August 21, 2017, Ms. Chau filed a motion to strike Midland's affidavits from Tanya Johnson, Sheri Meline, and Mickaela Johnson. Midland filed a third notice to introduce business records on January 16, 2018, with the following documents attached: (1) the certification of Emily Walker to the accuracy of the records; (2) the May 14, 2012 bill of sale between Equable Ascent Financial, LLC, and Midland; (3) a May 8, 2009 bill of sale between Chase and Hilco Receivables, LLC; (4) an Affidavit of Sale of Account by Original Creditor dated March 29, 2011; (5) a certification by the Delaware Secretary of State regarding the certificate of merger of Hilco Receivables, LLC, and Equable Ascent Financial, LLC; (6) a portion of the list of receivables referenced in the bill of sale; and (7) a bank statement for the Chase bank account for July 13, 2009, through August 12, 2009.

Ms. Chau filed a second motion to strike Midland's affidavits on June 22, 2018, again requesting that the court strike the affidavits of Tanya Johnson, Sheri Meline, and Mickaela Johnson. On that same day, Ms. Chau filed a motion to dismiss for improper service of process. Midland opposed both of these motions. On July 2, 2018, Midland filed a notice of withdrawal of the certifications of Sheri Meline and Mickaela Johnson.

On the day of trial, July 9, 2018, Ms. Chau filed a sworn statement denying that she owed the requested sum. The court denied Ms. Chau's motion to dismiss for improper service on the ground that Ms. Chau, through counsel, had "made one or more general appearances" without raising the issue and had, therefore, waived the objection. The trial court determined that Ms. Chau's motion to strike Midland's affidavits was irrelevant or moot. Furthermore, the court noted that Ms. Chau did not object to the affidavit of Emily Walker, and the documents she certified were sufficient to prove Ms. Chau's indebtedness and to meet Midland's burden of proof. The court entered judgment against Ms. Chau in the amount of $12,467.88 plus costs.

Ms. Chau filed a notice of appeal on August 23, 2018. A statement of the evidence filed by Ms. Chau was denied by the trial court. The trial court prepared a document entitled, "Findings of Fact and Conclusions of Law and Statement of Evidence," which was filed on December 4, 2018, and submitted with the record on appeal.

On appeal, Ms. Chau raises three issues: (1) whether the trial court erred in finding that she waived the issue of insufficient service of process; (2) whether the trial court erred in admitting the affidavit of Emily Walker into evidence; and (3) whether the trial court erred in admitting business records into evidence pursuant to Tenn. Code Ann. § 47-22-301 and the Rules of Evidence.

STANDARD OF REVIEW

With a bench trial, our review is de novo upon the record, accompanied by a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. TENN. R. APP. P. 13(d); *Gregg v. Estate of Cupit*, No. M2018-00379-COA-R3-CV, 2018 WL 5733289, at *3 (Tenn. Ct. App. Oct. 31, 2018); *Nashville Ford Tractor, Inc. v. Great Am. Ins. Co.*, 194 S.W.3d 415, 424-25 (Tenn. Ct. App. 2005). We afford the trial court's credibility determinations great deference because the trial court is able to assess the witnesses' demeanor as they testify. *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). We review the trial court's legal conclusions de novo with no presumption of correctness. *Nashville Ford Tractor*, 194 S.W.3d at 425.

We review a trial court's decisions regarding the admission or exclusion of evidence under an abuse of discretion standard. *Mercer v. Vanderbilt Univ., Inc.,* 134 S.W.3d 121, 131 (Tenn. 2004). A trial court abuses its discretion "when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). Under the abuse of discretion standard, we are required to uphold the trial court's ruling "as long as reasonable minds could disagree about its correctness." *Caldwell v. Hill,* 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007). So, "we are not permitted to substitute our judgment for that of the trial court." *Id.*

ANALYSIS

I. Service of Process.

Ms. Chau asserts that the trial court erred in finding that she waived insufficient service of process.[1]

Ms. Chau focuses her argument on the requirements for proper service of process and how Midland allegedly failed to satisfy those requirements. The trial court, however, did not reach the requirements for service of process. Instead, the trial court denied Ms. Chau's motion to dismiss on the basis that she waived the issue of improper service of process "by making a general appearance and failing to raise the issue of improper service of process." Tennessee Rule of Civil Procedure 12.02 states, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) *insufficiency of service of process*, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19, and (8) specific negative averments made pursuant to Rule 9.01. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

(Emphasis added). When a party makes a general appearance and does not raise the issue of service of process, the courts generally consider the issue to be waived. *Dixie Sav. Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn. Ct. App. 1988); *see also Landers v. Jones*, 872 S.W.2d 674, 677 (Tenn. 1994).

What constitutes a general appearance? Because the Rules of Civil Procedure do not define an appearance, we look to caselaw:

> It has been said that the filing of any pleading, making or resisting of any motion, filing of exceptions to a Master's report, taking of depositions to be read in a cause, making of any agreement with plaintiff or his attorney relative to any proceeding in a cause, or any other act in the cause, between the filing of the complaint and rendition of the final decree, whereby

---

[1] With respect to all of Ms. Chau's arguments, Midland asserts that Ms. Chau failed to comply with Tenn. R. App. P. 27(a)(6) because she did not include citations to the record in her statement of the facts and, therefore, she waived all of her arguments. In light of Ms. Chau's compliance with the Rules of Appellate Procedure elsewhere in her brief, including the statement of the case, we decline to consider her arguments waived.

pendency of the suit is recognized, expressly or by implication, will, if there be record evidence of the fact, constitute a general and unlimited appearance, unless limited by express declaration or by necessary implication.

*Thurman v. Thurman*, No. 53, 1986 WL 15575, at *2 (Tenn. Ct. App. Nov. 14, 1986); *see also Dixie Sav. Stores*, 767 S.W.2d at 410 ("[A]ll appearances are deemed to be general appearances unless the contrary appears."). In the present case, Ms. Chau's counsel appeared in general sessions court and permitted Midland to take a default judgment against Ms. Chau. In circuit court, Ms. Chau filed a motion to set the case for trial and a motion to strike the plaintiff's affidavits in 2017. It was not until June of 2018 that Ms. Chau filed her motion to dismiss for improper service. By her actions, Ms. Chau recognized the pendency of the case without raising the issue of service of process.

We agree with the trial court that Ms. Chau made a general appearance before she filed the motion to dismiss, thereby waiving the issue of service of process. We find no error in the trial court's denial of Ms. Chau's motion to dismiss.

## II. Certification of Emily Walker.

Ms. Chau next argues that the trial court erred in admitting into evidence the certification of Emily Walker on the grounds that it did not comply with the Tennessee Rules of Evidence.

In the statement of facts section of his brief (without citation to the record), Ms. Chau contends that, at the July 9, 2018 trial, her counsel "offered to the Court in oral argument the same factual reason as to why the Emily Walker affidavit should be struck as he had given in his brief for the other affidavits to be struck," but that the trial court rejected his argument. The trial court's order filed on July 24, 2018, however, states that Ms. Chau "did not move to strike the certification of Emily Walker nor offer any proof contesting either its admissibility or the veracity of its contents."[2] In light of Ms. Chau's failure to move to strike the certification of Ms. Walker, the trial court concluded that Ms. Chau's motion to strike Midland's affidavits was irrelevant because the contents of Ms. Walker's affidavit "attest to the indebtedness at issue and Defendant's liability."

Rule 103(a)(1) of the Tennessee Rules of Evidence provides, in pertinent part:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

---

[2] The trial court's statement of the evidence likewise does not include any mention of a motion or proof by Ms. Chau concerning Ms. Walker's certification.

(1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context.

Rule 36(a) of the Tennessee Rules of Appellate Procedure states that the courts are not required to grant relief to a party "who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." In accordance with these rules, "[p]arties who desire to object to the admission of evidence must make their objection in a timely manner and must state the specific basis for their objection." *McLemore ex rel. McLemore v. Elizabethton Med. Investors, Ltd. P'ship*, 389 S.W.3d 764, 783 (Tenn. Ct. App. 2012). Failure to do so results in waiver of this issue on appeal. *Yarbrough v. Yarbrough*, No. W2017-00152-COA-R3-CV, 2018 WL 2175817, at *9 (Tenn. Ct. App. May 11, 2018).

We find no error in the trial court's admission of Ms. Walker's certification.

III. Business Records.

Finally, Ms. Chau asserts that the trial court erred in admitting into evidence documents "which were not authenticated by anyone as the creditor's custodian of records by affidavit or as a witness at trial as required by T.C.A. 47-22-302(1)." For the reasons discussed below, we conclude that this argument lacks merit.

Ms. Chau argues that the five documents at issue "were not admitted as exhibits to the affidavit of Emily Walker." Yet, Ms. Walker's certification states: "Attached hereto are true and correct copies of the originals, being a reproduction from the records on file on behalf of the Plaintiff regarding the account." Thereafter, the affidavit lists the following documents: the bill of sale and affidavit of sale evidencing the May 14, 2012 purchase by Midland; the certificate of merger, bill of sale, and affidavit of sale evidencing the sale between Chase and Equable Ascent Financial, LLC fka Hilco Receivables, LLC; a portion of the list of receivables referenced in the bill of sale as printed from electronic records which show information regarding Ms. Chau's credit card account; and the credit card statement provided to Midland showing the balance due on Ms. Chau's account as of the closing date.

In its order of July 24, 2018, the trial court found as follows on this issue:

The Court finds, therefore, that the documents introduced by the Plaintiff (*i.e.*, the Notice of Intent to Introduce Business Records and the Certification of Emily Walker as well as all the documents referenced therein, same being collective exhibits to Plaintiff's cause and incorporated herein by specific reference), taken together comply with the requirements of T.C.A. § 47-22-301 *et seq.* and T.R.E. 803(6) and 902(11), and are

- 6 -

sufficient evidence of both the indebtedness claimed and the Defendant's liability for same, same being by a preponderance of the evidence and sufficient to meet the burden of proof required by the Plaintiff.

On appeal, Ms. Chau argues that the business records "were not properly entered into evidence and they were relied upon by the Court having been entered without any testimony or an affidavit from the creditor's record custodian as required by statute." Tennessee Code Annotated section 47-22-302 applies in the exact situation at issue here:

(a) A creditor's records shall include, but are not limited to, written or electronic records of an original creditor, issuer, or succeeding creditor that have been acquired by the creditor through a contractual agreement, an account purchase transaction or assignment in the creditor's regularly conducted business and such records are:
(1) Incorporated as a business duty into the records of the creditor's regularly maintained records; and
(2) Relied upon in the creditor's regularly conducted business activity.
(b)(1) Except as provided in subdivision (b)(2), records described in subsection (a) shall be considered records of the creditor and *the creditor's records custodian may testify with respect to such records as if they are records of the creditor.*
(2) Subdivision (b)(1) shall not apply if the source of information or the method or circumstances of preparation indicate the records described in subsection (a) lack trustworthiness.
(c) *The records described in this section may be submitted as records of regularly conducted activity pursuant to Rule 803(6) of the Tennessee Rules of Evidence.*

(Emphasis added).

Rule 803(6) of the Tennessee Rules of Evidence, referenced in Tenn. Code Ann. § 47-22-302(c), creates an exception to the hearsay rule for the following evidence:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses made at or near the time by or from information transmitted by a person with knowledge and a business duty to record or transmit if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness or by certification that complies with Rule 902(11) or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Under Tenn. R. Evid. 902(11), "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required" with respect to the following records:

> The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by an affidavit of its custodian or other qualified person certifying that the record-
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of and a business duty to record or transmit those matters;
>
> (B) was kept in the course of the regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

TENN. R. EVID. 902(11).

The certification affidavit supplied by Emily Walker satisfies the requirements of Tenn. R. Evid. 902(11). The affidavit states, in pertinent part, as follows:

> I am familiar with and trained on the manner and method by which MCM [Midland Credit Management, Midland's affiliate responsible for servicing its accounts] creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded, and a business duty to report, to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The records are made by MCM as a regular practice.

Moreover, Tenn. Code Ann. § 47-22-302 expressly provides that documents obtained by Midland from an original creditor in the regular course of business that are "[i]ncorporated as a business duty into [Midland's] regularly maintained records" and "[r]elied upon in [Midland's] regularly conducted business activity" "may be submitted

- 8 -

as records of [Midland's] regularly conducted activity pursuant to Rule 803(6) of the Tennessee Rules of Evidence."

Ms. Chau makes no real argument contrary to the statute, and we find no error in the trial court's judgment in favor of Midland. We decline Midland's request to deem Ms. Chau's appeal to be frivolous.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Thuy Chau, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE