FILED

08/03/2022

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 13, 2022 Session

## HAYLEY ALLEN v. JUSTIN ALLEN

**Appeal from the Chancery Court for Washington County**
**No. 19-DM-0223    James E. Lauderback, Judge**

———————————————————

### No. E2020-01681-COA-R3-CV

———————————————————

Justin R. Allen ("Father") appeals the trial court's decision regarding custody of his two minor children. Because the order appealed from is interlocutory, this Court lacks subject matter jurisdiction and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Justin R. Allen, *Pro se*.

Jason A. Creech, Johnson City, Tennessee, for the appellee, Hayley Allen.

### MEMORANDUM OPINION[1]

Hayley Allen ("Mother") filed for divorce from Father on March 26, 2019, in the Chancery Court for Washington County (the "trial court"). Trial was held on September 23, 2020, October 16, 2020, and November 12, 2020. The trial court entered its findings of fact and conclusions of law on November 16, 2020, along with a permanent parenting plan (the "Plan"). Concluding that Father abused both Mother and the parties' minor children, the trial court designated Mother as the primary residential parent and awarded Father zero days of residential parenting time. The Plan provided, however, that "Father

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

shall have supervised visitation as set forth more fully in the Addendum attached hereto." The referenced Addendum provides as follows:

> The Father's visitation with the children shall be, initially, conducted under supervision by the First Judicial District Court Clinic. Before such supervised visits begin, Father shall complete the Parent-Child Interactive Training (PCIT) course required by the Court Clinic as set forth in the Clinic's letter dated August 14, 2020, filed August 19, 2020.

> Assuming Father completes such training and supervised visits begin, the Court Clinic is directed to file a report with the Court after no less than six (6) supervised visits describing the interaction between Father and children, and whether unsupervised visits would be appropriate, as well as any other counseling/therapy needed to restore the parent/child relationship, especially with regard to Father and [the daughter].

A judgment of absolute divorce incorporating the Plan and the Addendum was entered on February 22, 2021.

On appeal, Father appears[2] to challenge the trial court's award of parenting time and the Plan generally. Because the order appealed from is not final, however, this Court lacks subject matter jurisdiction, and the appeal must be dismissed.

"Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy[,]" *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674 (Tenn. 1994)), and "relates to the nature of the cause of action and the relief sought and is conferred by the sovereign authority which organizes the court." *Landers*, 872 S.W.2d at 675 (citing *Brown v. Brown*, 296 S.W.2d 356 (Tenn. 1927)). This Court must possess subject matter jurisdiction in order to adjudicate a claim, and subject matter jurisdiction cannot be waived. *Id.* As orders

---

[2] Father proceeds *pro se*, and his legal arguments are difficult to decipher. As best we can discern, he claims that the trial court's custody determination was in error and that the trial court's evidentiary rulings generally violated the Tennessee Rules of Evidence. In that vein, during his oral argument Father asked this Court to "fully digest all of the evidence and testimony presented through trial records and briefs and come to a fair, unbiased ruling. When looking at the full scope of this case, it must be asked – logically, rationally, what makes sense?" Although we conclude that this Court lacks subject matter jurisdiction and that the appeal must be dismissed, we remind Father and litigants, generally, that "this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011); *see also Cartwright v. Jackson Cap. Partners, LP*, 478 S.W.3d 596, 614 (Tenn. Ct. App. 2015) (internal quotations and bracketing omitted) ("The Rules of Appellate Procedure do not contemplate that an appellant may submit one blanket issue as to the correctness of the judgment and thereby open the door to argument upon various issues which might affect the correctness of the judgment.").

and judgments entered by courts lacking subject matter jurisdiction are void, "issues regarding subject matter jurisdiction should be considered as a threshold inquiry" and "resolved at the earliest possible opportunity." *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012) (citing *Redwing v. Catholic Bishop for the Diocese of Memphis,* 363 S.W.3d 436, 445 (Tenn. 2012); *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)).

To evaluate subject matter jurisdiction, we examine the "'avenue' by which the appeal is being pursued before this Court." *E Sols. for Bldgs., LLC v. Knestrick Contractor, Inc.*, No. M2018-00732-COA-R3-CV, 2018 WL 1831116, at \*3 (Tenn. Ct. App. Apr. 17, 2018) (quoting *Town of Collierville v. Norfolk S. Ry. Co.*, 1 S.W.3d 68, 69–70 (Tenn. Ct. App. 1998)), *perm. app. denied* (Tenn. Aug. 9, 2018). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (quoting *Aetna Cas. & Sur. Co. v. Miller,* 491 S.W.2d 85 (Tenn. 1973)); *see also* Tenn. R. App. P. 3(a). A final judgment adjudicates all "claims, rights, and liabilities of all the parties" and "resolves all the issues [leaving] 'nothing else for the trial court to do.'" *E Sols.*, 2018 WL 1831116, at \*3 (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)).

Here, while the sole issue on appeal is Father's parenting time, this issue is unresolved. The Plan provides Father with zero days of residential time, but it provides that he shall be allowed supervised visitation conditioned upon completion of certain tasks such as Parent-Child Interactive Training ("PCIT"). A letter in the record[3] provides, however, that PCIT was sought and that the therapist determined that PCIT was inappropriate for these parties. Father then filed a letter with the trial court on August 16, 2021, asking the trial court to clarify the status of Father's parenting time in light of being unable to complete the PCIT therapy required by the Plan and its Addendum. It does not appear this request was ever addressed by the trial court, nor does the record contain any indication of what, if any, parenting time or visitation Father has been allowed to exercise since the divorce.

The status of Father's parenting time and/or allowed supervised visitation is unclear from the record before us. We cannot fairly conclude then that all issues between the parties have been resolved and that there is nothing left for the trial court to do. The trial court's order is nonfinal, and this Court lacks subject matter jurisdiction. Thus, this appeal must be dismissed and the case remanded for further proceedings before the trial court.

_____
KRISTI M. DAVIS, JUDGE

---

[3] The letter itself is not dated, but it is addressed to the trial court judge and is stamped "Received" as of February 16, 2021.