IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 4, 2024

## BRITTANY LEE-ANN STANIFER v. DERRICK TYLER STANIFER

**Appeal from the Circuit Court for Campbell County**
**No. 16513     John D. McAfee, Judge**

_____

**No. E2023-01545-COA-R3-CV**

_____

This appeal arises from a permanent parenting plan entered after the father requested a modification of the existing plan. The father argues that the trial court failed to properly weigh the evidence when establishing the plan. However, the plan did not include a determination of child support. Thus, the order appealed is not final, and we lack subject matter jurisdiction to consider the issue raised. Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and KRISTI M. DAVIS, J., joined.

Derrick Tyler Stanifer, Knoxville, Tennessee, Pro Se.

Robert R. Asbury, Jacksboro, Tennessee, for the appellee, Brittany Lee-Ann Stanifer.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Derrick T. Stanifer ("Father") and Brittany L. Stanifer, ("Mother") were divorced by order entered on May 10, 2018, which reserved the parenting issues for later disposition. The parties' first permanent parenting plan "(PPP)" was not entered until January 13, 2020. This plan was agreed to by the parties; however, the plan did not set child support or have a child support worksheet attached. As to child support, the plan stated:

> All issues related to child support are currently being handled by the Child Support Magistrate, including calculation of Father's current support

obligation and the calculation of Father's arrearage. All issues related to child support shall remain with the Child Support Magistrate.

The child support issue was not further addressed in the plan and the accompanying order reiterated that child support would "remain under the control of the Magistrate."

After this, Father's parenting time was fully suspended due to domestic violence charges. This suspension was modified to allow supervised visitation on July 21, 2020. Supervised parenting time continued to be required for almost two years while the trial court and Father sparred over mental evaluations, which were a condition for reinstating Father's co-parenting time. Father then filed a "Motion for Modification of Father's Visitation and Emergency Custody" on March 8, 2023, wherein he sought emergency custody of the children. He alleged that "since the last court hearing on or about December 15, 2022, [M]other has possibly become homeless and involved in a divorce with Jeremy Allen Ristola alleging a history of domestic violence against the Mother and the Minor Children." He asked that the court restrict Mother to supervised parenting time only and order that she pay child support. However, he also sought reinstatement of "his co-parenting time per the agreement entered on January [13], 2020."[1]

On May 18, 2023, the court entered an order which awarded Father unsupervised parenting time for the first time since the 2020 suspension. Father's parenting time was set for every Saturday afternoon, and the order set a review hearing for June 22, 2023 "for consideration of further expansions to the [Father's] visitation." At the June hearing, the court expanded Father's visitation to include overnight and mid-week visits, but admonished Father regarding his text messages to Mother. The court then set the "final" review hearing for August 17, 2023. However, it appears from the record that the parties next appeared in court on October 26, 2023. An order from that hearing was entered on January 2, 2024. In that order, the trial court stated:

> The parties were generally in agreement as to most issues; however, some dispute existed as to division of the Christmas holiday and Father's desire for additional overnight visitation during the week. After hearing brief argument of counsel and testimony, the Court resolved the issues not previously resolved by agreement and directed the parties to submit a parenting plan in accordance with their agreement and the directions of the Court.

The court then adopted a PPP which serves as the basis for this appeal. Like the parties' prior PPP, this plan did not include a child support worksheet or other disposition on child support, but instead stated that the issue was currently being handled by a child support magistrate.

---

[1] In the January 2020 order Father's parenting time was set at 121 days per year.

## II. ISSUE PRESENTED

The sole issue presented on appeal, which we have reframed, is whether the permanent parenting plan adopted by the trial court was properly supported by the weight of the evidence.

## III. DISCUSSION

Before we reach the issue presented by Father, we must determine whether we have subject matter jurisdiction over this appeal. A prerequisite for any court to hear a claim is for that court to have subject matter jurisdiction over the claim. *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994). Regardless of whether parties have raised the issue, an appellate court must determine whether it possesses subject matter jurisdiction over a claim to properly adjudicate that claim. Tenn. R. App. P. 13(b). Our Supreme Court held in *Bayberry Associates v. Jones* that this Court and other appellate courts only hold subject matter jurisdiction over final judgments and those appeals of interlocutory orders allowed by the rules or by statute. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553. 559 (Tenn. 1990). This is not an interlocutory appeal, but rather an appeal brought pursuant to Tennessee Rule of Appellate Procedure 3. Therefore, for this Court to possess subject matter jurisdiction over this appeal, the trial court order must constitute a final judgment.

As our Supreme Court has previously explained, "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tennessee law defines a permanent parenting plan as "a written plan for the parenting and best interests of the child, including the allocation of parenting responsibilities and the establishment of a residential schedule, as well as an award of child support consistent with chapter 5 of this title." Tenn. Code Ann. § 36-6-402(3). *See Armbrister v. Armbrister*, 414 S.W.3d 685, 696 (Tenn. 2013). Our Supreme Court has stated that creating these plans is "one of the most important responsibilities courts have." *Armbrister*, 414 S.W.3d at 696. Consistent with this, for a trial court's order adopting a PPP to become final it must fully resolve the issues of parenting time and the other components of a permanent parenting plan as stated in the statute. Tenn. Code Ann. § 36-6-402(3) (2019).

Specifically listed as a component of a PPP is an award of child support. Tenn. Code Ann. § 36-6-402(3). This court has repeatedly dismissed appeals for a want of subject matter jurisdiction where the child support component was not fully settled by the trial court. *See Cail v. Meadows*, No. E2019-00689-COA-R3-JV, 2020 WL 495255, at *1 (Tenn. Ct. App. Jan. 30, 2020) (holding that there was no final judgment where the trial court's order concerning a PPP that stated Mother would pay support but did not state an amount or have a child support worksheet attached); *Hensley v. Hensley*, No. E2017-00354-COA-R3-CV, 2017 WL 5485320, at *7 (Tenn. Ct. App. Nov. 15, 2017) (deeming

an order not final where the trial court modified a residential co-parenting schedule but failed to address a corresponding child support modification); *In re Gabrielle R.*, No. W2015-00388-COA-R3-JV, 2016 WL 1084220, at *3 (Tenn. Ct. App. Mar. 17, 2016) (holding an order to not be a final judgment where a trial court did not revisit the issue of child support when modifying a parenting plan.)

In the present case, the trial court has not included a child support finding in the PPP. There is also no child support worksheet attached as an exhibit. The trial court does not make a child support award elsewhere in the record. The trial court stated in the PPP that "[a]ll issues related to child support are currently being handled by the Child Support Magistrate" and those issues would "remain with the Child Support Magistrate." In *Cail v. Meadows*, a proposed permanent parenting plan akin to the one in the present case was entered by the court but was not signed by the parties or their counsel. 2020 WL 495255, at *1. In the child support section of that PPP, the plan did provide that the mother was to pay child support to the father monthly, but no amount was stated. *Id*. The *Cail* court relied on this fact in part when determining that the order incorporating the PPP was not a final judgment because it did not dispose of each of the issues raised in the trial court. *Id*.

In this case, while the court did reference a document intended to serve as the PPP, the document did not address the issue of child support. No child support worksheet was attached, and the only mention of child support in the plan was the statement discharging the issue to the Child Support Magistrate. There has been no reference to any ruling made by the magistrate. As explained in *Cail*, merely referencing a child support award does not satisfy the child support component of a PPP as a final judgment. *Id*. Consistent with that ruling, we find that the trial court having only discharged the child support determination to a magistrate does not resolve the issue so as to make the judgment final. A child support magistrate's order becomes the decree of the court when "a hearing before a judge is not requested" and the findings and recommendations of the magistrate are "confirmed by an order of the judge." Tennessee Code Annotated § 36-5-405(i) (2010). *See also Harness v. Harness*, No. E2012-02469-COA-R3-CV, 2013 WL 6155872, at *4 (Tenn. Ct. App. Nov. 21, 2013). In the record before us, there is no evidence of compliance with that statutory requirement.

Because a child support award was not made, the trial court's order did not dispose of all the issues existing between the parties and was not a final judgment. Therefore, this Court does not have subject matter jurisdiction and must dismiss this appeal.

## IV. CONCLUSION

Because this appeal was made from an order that was not final, this Court is without subject matter jurisdiction to hear this claim. Accordingly, this appeal is dismissed. Costs are taxed to the appellant, Derrick T. Stanifer, for which execution may issue if necessary.

- 4 -

_____
CARMA DENNIS MCGEE, JUDGE