IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2021

## FRED AUSTON WORTMAN, III v. STATE OF TENNESSEE BOARD OF PAROLE ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 20-619-IV          Russell T. Perkins, Chancellor**

———————————————————

### No. M2020-01554-COA-R3-CV

———————————————————

After being denied parole, Fred Auston Wortman, III ("Plaintiff") filed suit against the State of Tennessee (the "State"), the Tennessee Board of Parole (the "Board"), several board members and other state employees, and two assistant district attorneys in the Chancery Court for Davidson County (the "trial court"). Several defendants moved for dismissal for failure to state a claim for which relief can be granted. The trial court granted the motion to dismiss and Plaintiff appealed to this Court. Because the trial court's order is not final, however, we lack subject matter jurisdiction to hear this appeal. The appeal is therefore dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT JR., P.J., M.S., joined.

Fred Auston Wortman, III, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Pamela S. Lorch, Senior Assistant Attorney General for the appellees the State of Tennessee, Tennessee Board of Parole, Gary Faulcon, Gay Gregson, Roberta Kustoff, Richard Montgomery, Tim Gobble, Zane Duncan, Barrett Rich, Rob Clark, Jim Purviance, Richard O'Bryan, Mark Davidson, and Paul Hagerman.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall

Plaintiff, an inmate incarcerated in Morgan County, Tennessee, filed this action against the State, the Board, Gary Faulcon, Gay Gregson, Roberta Kustoff, Richard Montgomery, Tim Gobble, Zane Duncan, Barrett Rich, Rob Clark, Jim Purviance, Gayle Barbee, Richard O'Bryan, Mark Davidson, Paul Hagerman, and "F/N/U Stewart" on June 30, 2020 in the trial court. The non-entity defendants are members of the Board and State employees otherwise affiliated with the Board. It is unclear from the record what position is held by defendant Stewart, although the complaint alleges Stewart is a "Board or TDOC" employee. The caption of the complaint provides that all non-entity defendants were sued in both their official and individual capacities.

Plaintiff's allegations arise from a parole hearing that occurred on September 19, 2019. The complaint alleges that prior to the hearing, a risk assessment was conducted on Plaintiff, the result of which was that Plaintiff was at a low risk of re-offending. The complaint then alleges that "Board or TDOC employee F/N/U Stewart contacted counselor Freddie Sevier at the Morgan County Correctional Complex in order to pressure and influence Mr. Sevier to negatively change a risk assessment score that had been assigned to [Plaintiff]." According to the complaint, defendants Davidson and Hagerman, who were the prosecutors in the underlying criminal action resulting in Plaintiff's incarceration, testified at the parole hearing. Plaintiff alleges that defendant Board member Faulcon "after less than five minutes of 'deliberating' recommended to defer parole review until 2026." The complaint further avers that prior to the hearing, defendant Davidson "participated in a closed-door, private, secret ex parte meeting with one or more members of the Board for the purpose of influencing the Board to deny parole release to [Plaintiff] and to set off any review of [Plaintiff's] release as long as possible." The Board's written notice denying Plaintiff's request for parole was sent to Plaintiff on October 7, 2019. Accordingly, Plaintiff purports to allege causes of action for tortious interference with an administrative hearing, civil and criminal conspiracy, collusion, bribery and/or conspiracy to commit bribery, fraud, tortious undue influence of a government employee and government operations, violations of the Double Jeopardy doctrine, failure to act in good faith generally, breach of contract, and violation of the separation of powers doctrine. The crux of the complaint ultimately is that ex-parte contact between defendants Davidson and Faulcon occurred just prior to Plaintiff's parole hearing in contravention of Plaintiff's due process protections, and that the remainder of the defendants conspired to conceal this purported meeting.

On July 13, 2020, the State, the Board, and defendants Faulcon, Gregson, Kustoff, Montgomery, Gobble, Duncan, Rich, Clark, Purviance, O'Bryan, Davidson, and Hagerman moved the trial court for dismissal of the complaint pursuant to Tennessee Rule of Civil Procedure 12.02 (1) and (6), arguing that the trial court lacked subject matter jurisdiction over Plaintiff's claims by virtue of sovereign immunity. Regarding the non-

be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

entity defendants mentioned above, the motion provided in a footnote that service was "made and accepted [by the Attorney General] in their official capacities only." Aside from this footnote, no argument was made in the motion to dismiss regarding insufficient service of process or personal jurisdiction. Additionally, the motion to dismiss contained no reference to defendant Barbee or defendant Stewart.

Plaintiff responded to the motion, largely reiterating the allegations contained in the complaint. On August 11, 2020 the State, the Board, and defendants Faulcon, Gregson, Kustoff, Montgomery, Gobble, Duncan, Rich, Clark, Purviance, O'Bryan, Davidson, and Hagerman filed a reply to Plaintiff's response. Once again, there was no mention of defendants Barbee or Stewart. In this response, defendants Faulcon, Gregson, Kustoff, Montgomery, Gobble, Duncan, Rich, Clark, Purviance, O'Bryan, Davidson, and Hagerman argued for the first time that because they "were only served summons in their official capacities[,]" "they [were] sued and represented in their official capacities only." This reply further provides that "counsel has consistently stated which persons are represented by the Attorney General's Office and the capacity in which they are represented." However, defendants Faulcon, Gregson, Kustoff, Montgomery, Gobble, Duncan, Rich, Clark, Purviance, O'Bryan, Davidson, and Hagerman then alternatively argued that the claims against them in their individual capacities should be dismissed for other various reasons.

The trial court entered an order on August 21, 2020, granting the motion to dismiss. The trial court found that the claims against the State, the Board, and defendants Faulcon, Gregson, Kustoff, Montgomery, Gobble, Duncan, Rich, Clark, Purviance, O'Bryan, Davidson, and Hagerman in their official capacities were barred by the doctrine of sovereign immunity. Regarding service on the defendants, the trial court noted that "[a]ll defendants were served in their official capacities by certified mail on the Attorney General's Office[,]" and that "[o]nly Defendants Davidson and Hagerman were also served in their individual capacities by certified mail." As pertinent, the trial court explained:

> [B]ased upon the allegations against Defendants as stated in Mr. Wortman's Complaint, the Court determines that the State, the Board of Parole and the individual defendants, in their official capacities, have sovereign immunity from suit. As service of suit upon Defendants Faulcon, Gregson, Kustoff, Montgomery, [G]obble, Duncan, Rich, Clark, Purviance, and O'Bryan was made and accepted in their official capacities only, these Defendants are dismissed, as are the State, the Board, and Defendants Davidson and Hagerman in their official capacities, on the basis of sovereign immunity.

While the trial court made a finding that the above-mentioned defendants were served only in their official capacities, it did not make an express finding that they were dismissed, in their individual capacities, based on insufficient service. Rather, the trial

court ultimately concluded that the claims against the parole board members, in their individual capacities, were barred by the doctrine of quasi-judicial immunity. The trial court also concluded that the claims against defendant Clark, in his individual capacity, were barred by quasi-judicial immunity, and that the claims against defendants Davidson and Hagerman in their individual capacities were barred by "absolute witness immunity." Finally, the trial court concluded that the complaint contained no factual averments regarding defendants Purviance or O'Bryan. Defendants Barbee and Stewart were not mentioned in the trial court's order. Plaintiff appealed to this Court.

Plaintiff purports to raise several issues on appeal, most of which are duplicative. As we perceive it, the sole issue raised by Plaintiff is whether the trial court erred in concluding that Plaintiff failed to state a claim for which relief could be granted against the dismissed defendants. However, our review of the record leads us to conclude that the dispositive issue here is whether this Court lacks subject matter jurisdiction over this appeal.[2] Because "a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

"Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy[,]" *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674 (Tenn. 1994)), and "relates to the nature of the cause of action and the relief sought and is conferred by the sovereign authority which organizes the court." *Landers*, 872 S.W.2d at 675 (citing *Brown v. Brown*, 296 S.W.2d 356 (Tenn. 1927)). This Court must possess subject matter jurisdiction in order to adjudicate a claim and subject matter jurisdiction cannot be waived. *Id.* As orders and judgments entered by courts lacking subject matter jurisdiction are void, "issues regarding subject matter jurisdiction should be considered as a threshold inquiry" and "resolved at the earliest possible opportunity." *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012) (citing *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012); *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)).

To evaluate subject matter jurisdiction, we examine the "'avenue' by which the appeal is being pursued before this Court." *E Sols. for Bldgs., LLC v. Knestrick Contractor, Inc.*, No. M2018-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. Apr. 17, 2018) (quoting *Town of Collierville v. Norfolk S. Ry. Co.*, 1 S.W.3d 68, 69–70 (Tenn. Ct. App. 1998)), *perm. app. denied* (Tenn. Aug. 9, 2018). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990)

---

[2] While no party has raised this issue, it is incumbent upon this Court to determine whether subject matter jurisdiction exists and we therefore raise this issue *sua sponte*. *See Morrow v. Bobbitt*, 943 S.W.2d 384, 391–92 (Tenn. Ct. App. 1996); *see also* Tenn. R. App. P. 13(b).

(quoting *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)); *see also* Tenn. R. App. P. 3(a). A final judgment adjudicates all "claims, rights, and liabilities of all the parties" and "resolves all the issues [leaving] 'nothing else for the trial court to do.'" *E Sols.*, 2018 WL 1831116, at *3 (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)).

Here, the trial court's order leaves completely unaddressed two defendants – Gayle Barbee and "F/N/U Stewart." While the complaint suggests that both are employees of the State or affiliated with the Board in some way, counsel for the State did not mention Barbee or Stewart in the motion to dismiss filed on July 13, 2020, nor are these defendants addressed in the reply to Plaintiff's response to the motion to dismiss. While the State mentions defendant Stewart in a footnote in its brief to this Court, the footnote provides that the Attorney General did not accept service for defendant Stewart in his or her[3] official capacity, but urges that defendant Stewart should be dismissed along with the other defendants. Defendant Barbee is not addressed in the State's brief at all. Accordingly, we cannot discern from the record before us whether the Attorney General's office simply does not represent defendants Barbee and Stewart, or whether their omission from the trial court proceedings was inadvertent.

In any event, defendants Barbee and Stewart are named as parties in this action but have never sought dismissal of Plaintiff's claims on any basis. The trial court's order dismissing the other defendants does not address, much less dispose of, the claims against defendants Stewart and Barbee. Plaintiff's claims against them are therefore still pending. Because the trial court's order does not resolve all claims against all of the parties to this case, its August 21, 2020 order is nonfinal. Consequently, this Court lacks subject matter jurisdiction over this appeal, and it must be dismissed.

For the foregoing reasons, the appeal is dismissed. Costs of this appeal are taxed to the appellant, Fred Auston Wortman, III, for which execution may issue if necessary.

KRISTI M. DAVIS, JUDGE

---

[3] The complaint refers to defendant Stewart in some places as "Ms. Stewart," but details regarding this defendant are otherwise unclear from the record.